# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES G. MABREY,**

    Petitioner,

   -vs-                                       Case No. 13-C-533

**WILLIAM J. POLLARD,**

    Respondent.

## DECISION AND ORDER

Pro se Petitioner James G. Mabrey ("Mabrey") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 compelling the Respondent William J. Pollard ("Pollard") to release him from Waupun Correctional Institution where Mabrey is serving a sentence for first degree reckless homicide and physical abuse of a child as a repeater. Mabrey challenges the denial of parole, not his underlying conviction.

Previously, Mabrey filed an application for relief pursuant to § 2241 and was informed that, as subsequently affirmed by the court of appeals, the proper avenue was to file a § 2254 petition. *See Mabrey v. Pollard,* No. 12-C-876, Oct. 1, 2012, Order (E.D. Wis.), *aff'd*, No. 12-3532, (7th Cir Apr. 26, 2013).

Mabrey presents two claims based on (1) the denial of parole, and (2) the absence of any provision in Wisconsin for any appeal from the denial of parole. Mabrey asserts that his Fourteenth Amendment due process protections to freedom and

liberty were violated by the Wisconsin Parole Board and the Parole Commissioner. He asserts that the wording of the Wisconsin parole statutes and administrative regulations creates a due process liberty interest.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." The grounds Mabrey raises are predicated upon his contention that Wisconsin has created a liberty interest in parole.

The Supreme Court has held that there is no general constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). A state may, but need not, create a liberty interest by establishing an entitlement to parole based on certain criteria. *Id.*; *Thompson v. Veach,* 501 F.3d 832, 836 (7th Cir. 2007).

*Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006), holds that Wisconsin has adopted a completely discretionary parole regime. (citing Wis. Stat. § 304.06(1)(b) ("the parole commission may parole an inmate" who has completed 25% of his sentence)). A Wisconsin inmate is not guaranteed parole by meeting set criteria; he must rely on the discretion of the parole board. *Grennier*, 453 F.3d at 444. Because Mabrey cannot obtain relief from this Court on the grounds presented in his petition, this matter is dismissed.

Under Rule 11 of the Rules Governing Section 2254 Cases, the Court must

issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke,* 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Given the controlling case law, reasonable jurists could not debate whether under Wisconsin's discretionary parole system Mabrey has any liberty interest in parole at his presumptive mandatory release date. Therefore, the Court declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Mabrey's petition is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases;

A certificate of appealability is **DENIED**; and

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2013.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**